James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:    (212) 374-0009
F:    (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD ABREU,

                            Plaintiff,

-against-

STAFF YMY INC., GRAND CONCOURSE ESTATES LLC, 2406 REALTY LLC, SIMCHA APPLEGRAD, and MILTON R. REISMAN,

                            Defendants.

Case No.

**COMPLAINT**

---

Plaintiff, RICHARD ABREU ("Plaintiff"), by and through his undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this Complaint against Defendants, STAFF YMY INC., GRAND CONCOURSE ESTATES LLC, 2406 REALTY LLC, SIMCHA APPLEGRAD and MILTON R. REISMAN, and state as follows:

### INTRODUCTION

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), New York Labor Laws ("NYLL") §§ 190 *et. seq.* and §§ 650 *et. seq.* and 12 NYCRR §141-1.2.

2. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and

unpaid wages at the overtime rate for all work hours over forty (40) hours in a work week; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from the Defendants: (1) unpaid wages at the minimum wage rate; (2) unpaid wages and unpaid wages at the overtime rate for all work hours over forty (40) hours in a work week; (3) liquidated damages; (4) statutory penalties for violations of NYLL § 195(1) & 195(3); (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6. Plaintiff, RICHARD ABREU, is an adult resident of Bronx County, New York.

7. Upon information and belief, Defendant, STAFF YMY INC., is a domestic business corporation, organized and existing under the laws of the State of New York with a place of business at 2918 Avenue M, Brooklyn, New York 11210.

8. Upon information and belief, Defendant, GRAND CONCOURSE ESTATES LLC, is a domestic limited liability company, organized and existing under the laws of the State of New York with a place of business located at 1420 Grand Concourse, Bronx, New York 10456.

9. Upon information and belief, Defendant, 2406 REALTY LLC, is a domestic limited liability company, organized and existing under the laws of the State of New York with a place of business located at 2406 University Avenue, Bronx, New York 10468.

10. Upon information and belief, Defendant SIMCHA APPLEGRAD is an owner, officer, director, and/or managing agent of Defendants and who participated in the day-to-day operations of corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, as well as the NYLL.

11. Defendant, SIMCHA APPLEGRAD, exercised control over the terms and conditions of Plaintiff's employment, in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the Plaintiff's employment.

12. Upon information and belief, Defendant MILTON R. REISMAN is an owner, officer, director, and/or managing agent of Defendants and who participated in the day-to-day operations of corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, as well as the NYLL.

13. Defendant, MILTON R. REISMAN, exercised control over the terms and conditions of Plaintiff's employment, in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the Plaintiff's employment.

14. At all relevant times, Defendants, STAFF YMY INC., GRAND CONCOURSE ESTATES LLC and 2406 REALTY LLC, were and continue to be, an "enterprises engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by STAFF YMY INC., GRAND CONCOURSE ESTATES LLC and 2406 REALTY LLC.

16. At all relevant times, Defendants, STAFF YMY INC., GRAND CONCOURSE ESTATES LLC, 2406 REALTY LLC, SIMCHA APPLEGRAD and MILTON R. REISMAN, knowingly and willfully failed to pay Plaintiff for all hours worked at the minimum wage rate and wages at the overtime rate for all hours worked over forty (40) hours in a work week in contravention of the FLSA and NYLL.

17. Upon information and belief, STAFF YMY INC., provides property management, administrative and payroll services, and manages numerous apartment buildings in the New York Metropolitan area.

18. Upon information and belief, Defendant, GRAND CONCOURSE ESTATES LLC, owns the building located at 1420 Grand Concourse, Bronx NY, 10456.

19. Upon information and belief, Defendant, 2406 REALTY LLC, owns the building located at 2406 University Avenue, Bronx, New York, 10468.

20. Upon information and belief, Defendants, SIMCHA APPLEGRAD and MILTON R. REISMAN, are Chief Executive Officers of STAFF YMY INC. and indirectly own and/or manage more than thirty properties in the State of New York.

21. At all relevant times, Defendants, SIMCHA APPLEGRAD and MILTON R. REISMAN, exercised sufficient control over Plaintiff's day-to-day operations to be considered his employers under the FLSA and NYLL.

22. Defendants are a single enterprise and/or joint employers as Defendants operate for the same business purposes, including real estate ownership, management and investment.

23. Defendants operate as an interrelated operation with common ownership and management of real estate and are all managed, controlled and operated by and through, STAFF YMY INC., SIMCHA APPLEGRAD and MILTON R. REISMAN.

24. Defendants are a single enterprise and/or joint employers, who had the authority to jointly manage, supervise, hire, fire and control the manner of pay of Plaintiff, and are jointly and severally liable in this matter.

## STATEMENT OF FACTS

25. Since 2015, Plaintiff has been employed by Defendants as a building superintendent.

26. As a superintendent, Plaintiff's job responsibilities include, *inter alia*, cleaning apartments, repairing apartments, painting apartments and common areas, repairing appliances and furniture, handling tenant complaints, performing plumbing and electrical work etc.

27. From 2015 until November 2020 Plaintiff worked at Defendants' building located at 1420 Grand Concourse, Bronx NY, 10456.

28. The 1420 Grand Concourse building has approximately one hundred forty (140) units and five (5) businesses.

29. From November 2020 until present Plaintiff worked at Defendants' building located at 2406 University Avenue, Bronx, New York, 10468.

30. The 2406 University Avenue building has approximately forty-five (45) units and eleven (11) businesses.

31. During his employment by Defendants, Plaintiff worked seven (7) days a week, sixty-six (66) hours per week.

32. Plaintiff worked Monday through Friday from 7 a.m. to 5 p.m., and Saturday and Sunday 7 a.m. to 3 p.m.

33. Plaintiff was never compensated for hours worked over forty (40) in a work week.

34. From in or about January 2015, Plaintiff was compensated for forty (40) hours per week at a rate of $525.00 a week regardless of the number of hours Plaintiff worked per week.

35. From in or about January 2016, Plaintiff was compensated for forty (40) hours per week at a rate of $540.00 a week regardless of the number of hours Plaintiff worked per week.

36. From in or about January 2017, Plaintiff was compensated for forty (40) hours per week at a rate of $12.50 per hour, regardless of the number of hours Plaintiff worked per week.

37. From in or about January 2018, Plaintiff was compensated for forty (40) hours per week at a rate of $13.00 per hour, regardless of the number of hours Plaintiff worked per week.

38. From in or about January 2019 until February 2021, Plaintiff was compensated for thirty-four (34) hours per week at a rate of $15.29 per hour, regardless of the number of hours Plaintiff worked per week.

39. From in or about March 2021, Plaintiff was compensated for thirty-four (34) hours per week at a rate of $15.89 per hour, regardless of the number of hours Plaintiff worked per week.

40. For instance, while Plaintiff was working at the building located at 1420 Grand Concourse, Bronx NY, 10456, for the week of January 28, 2019 to February 2, 2019 Plaintiff worked

sixty-six (66) hours.  Plaintiff was paid $519.86 for the week. Plaintiff should have been paid $1,208.04 for all hours worked, including the overtime premium.

41. While Plaintiff was working at the building located at 2406 University Avenue, Bronx, New York, 10468, for the week of February 8, 2021 to February 13, 2021, Plaintiff worked sixty-six (66) hours.  Plaintiff was paid $519.86 for the week. Plaintiff should have been paid $1,208.04 for all hours worked, including the overtime premium.

42. Plaintiff regularly worked over forty (40) hours per week.

43. Throughout his employment with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA, NYLL and supporting New York State Department of Labor Wage Orders and Regulations.

44. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff minimum wage or an overtime premium for hours worked in excess of forty (40) hours in a work week, in violation of the FLSA, NYLL and the supporting Federal and New York State Department of Labor Regulations.

45. Plaintiff was not provided with a wage notice, containing his rate of pay, designated payday or any other information as required by NYLL §195(1), by Defendants within ten (10) days of the start of his employment, nor any time thereafter.

46. Plaintiff never received accurate wage statements pursuant to NYLL §195(3).

47. Throughout Plaintiff's employment with Defendants, Defendants did not accurately record or keep track of the actual number of hours Plaintiff worked.

48. Instead, Defendants regularly required Plaintiff to sign time sheets displaying less hours than he actually worked.  The time sheets falsely stated that Plaintiff worked no more than thirty-four (34) hours per week and also inaccurately stated that Plaintiff was afforded one hour

daily lunch breaks both of which were not true. When Plaintiff objected to the time sheets, he was told by Defendant, MILTON R. REISMAN, that if Plaintiff did not sign Plaintiff would not get his paycheck and/or would be fired.

49. Defendants repeatedly and willfully underreported the number of hours Plaintiff worked on his paystubs for the sole purpose of avoiding paying Plaintiff the minimum wage rate for all hours worked and the overtime premium for all hours worked over forty (40) hours in a work week.

50. Additionally, Plaintiff was required to make improvements to Defendants' properties and purchase the materials and professional services himself to do so.

51. Plaintiff then invoiced Defendants for services rendered and materials purchased.

52. Plaintiff performed services and/or purchased materials as required by Defendants for the sole benefit of Defendants in the amount of $24,430.00 and invoiced Defendants for the same.

53. To date, Defendants have refused and failed to pay Plaintiff or object to the invoice for services rendered in the amount of $24,430.00 and the same is due and owing.

54. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS

### COUNT 1

**[Violation of the Fair Labor Standards Act]**

55. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "54" of this Complaint as if fully set forth herein.

56. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

57. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of five hundred thousand dollars ($500,000.00).

58. Plaintiff was entitled to be paid for all hours worked and overtime rate for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

59. At all relevant times, each of the Defendants had, and continues to have a policy and practice of refusing to pay Plaintiff at the overtime rate for all hours worked over forty (40) hours in week which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

60. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by Defendants' failure to compensate Plaintiff wages at the overtime rate for all hours worked over forty (40) hours in week when they knew or should have known such was due and that non-payment of wages at the minimum wage rate and failure to pay the overtime wage rate would financially injure Plaintiff.

61. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

62. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

63. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

64. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

65. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages at the overtime wage rate, an equal amount as liquidated damages, and prejudgment interest thereon. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Law §§ 190 et. al.]

66. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67. The wage provisions of the NYLL and New York State Department of Labor Wage Orders apply to the Defendants and protect the Plaintiff.

68. Defendants, pursuant to their policies and practices, refused and failed to pay Plaintiff at the statutory minimum wage rate for all hours worked and the overtime wage rate for all hours worked over forty (40) hours in week.

69. Throughout Plaintiff's employment, Defendants knowingly and willfully failed to pay Plaintiff the statutory minimum wage required for superintendents in that Defendants failed to pay Plaintiff at a per unit rate as required under NYCRR § 141-1.2 and the Minimum Wage Order for the Building Service Industry.

70. By failing to lawfully compensate the Plaintiff, Defendants violated Plaintiff's statutory rights under the NYLL and NYCRR § 141-1.2 and the Minimum Wage Order for the Building service Industry.

71. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL and supporting New York State Department of Labor Wage Order and Regulations without a good or reasonable basis.

72. Due to the Defendants' willful violations, Plaintiff is entitled to recover from Defendants his unpaid wages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1) and § 198.

## COUNT 3

**[Failure to provide a Wage Notice]**

73. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

75. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of Plaintiff's employment.

76. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

77. Due to Defendants' willful violations of the NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6§198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

78. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "77" of this Complaint as if fully set forth herein.

79. Defendants have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

80. Through their knowing or intentional failure to provide the Plaintiff with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

81. Due to Defendants' willful violation of NYLL Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## COUNT 5

### [Breach of Contract]

82. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "81" of this Complaint as if fully set forth herein.

83. Plaintiff provided Defendants with requested services and invoices for services rendered. Plaintiff provided Defendants with an invoice for services rendered on apartment 3DE on the premises of the building located at 1420 Grand Concourse, Bronx, New York 10456 in the amount of $15,630.00 in or about 2019. Plaintiff provided Defendants with an invoice for services rendered on apartment B1 on the premises of the building located at 2406 University Avenue, Bronx, New York 10468 in the amount of $8,800.00 in November 2020.

84. As set forth above, Defendants are indebted to Plaintiff for the unpaid invoices for the services rendered.

85. Despite due demand, Defendants have failed and refused to pay Plaintiff the outstanding balance of $24,430.00, that is due and owing.

86. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants for breach of contract in the amount of $24,430.00, with interest and costs of this action.

## COUNT 5

### [Account Stated]

87. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "86" of this Complaint as if fully set forth herein.

88. Plaintiff duly issued and Defendants received invoices for services rendered at the completion of service.

89. Plaintiff provided Defendants with requested services and invoices for services rendered. Plaintiff provided Defendants with an invoice for services rendered on apartment 3DE on the premises of the building located at 1420 Grand Concourse, Bronx, New York 10456 in the amount of $15,630.00 in or about 2019. Plaintiff provided Defendants with an invoice for services rendered on apartment B1 on the premises of the building located at 2406 University Avenue, Bronx, New York 10468 in the amount of $8,800.00 in November 2020.

90. Defendants received the invoices without protest and neither objected to them nor indicated that they were incorrect in any respect. Thus, Defendants acknowledged that the debt owed by them to Plaintiff is correct.

91. As set forth above, despite due demand, defendants have failed and refused to pay Plaintiff any portion of the amount due and owing.

92. By reason of the forgoing, plaintiff is entitled to judgment against defendants for the Accounts Stated in the sum of $24,430.00, with interest and court costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD ABREU, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and unpaid overtime wages for all hours worked over forty (40) in a work week due under the FLSA;

(b) An award of liquidated damages as a result of Defendants' failure to pay wages for all hours worked and overtime wages pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages and unpaid wages at the overtime rate for all hours worked over forty (40) hours in a work week pursuant to the NYLL and NYCRR § 141-1.2;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages for all hours worked, wages at the overtime rate for all hours worked over forty (40) hours in a work week, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(e) An award of $24,430.00 as a result of Defendants breach of contract with interest;

(f) An award of $24,430.00 based on account stated with interest and court costs;

(g) An award of prejudgment and post-judgment interest and court costs;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       June 17, 2021          Respectfully submitted,

By: _*James F. Sullivan*_

James F. Sullivan
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:	(212) 374-0009
F:	(212) 374-9931
*Attorneys for Plaintiff*
jsullivan@jfslaw.net