# Law Offices of
# James F. Sullivan, P.C.

52 Duane Street, 7th Floor
New York, New York 10007
212-374-0009
(fax)212-374-9931

June 7, 2022

Magistrate Judge Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **Richard Abreu v. Staff YMY Inc., et. al.**
    **Case No.: 1:21-cv-5347 (LGS)**

Dear Magistrate Judge Wang:

Plaintiff, Richard Abreu ("Plaintiff"), and Defendants jointly request that Your Honor review and approve the settlement reached in this matter.

## BACKGROUND

Plaintiff filed a Complaint on June 17, 2021, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay Plaintiff wages at the minimum wage rate for all hours worked, failing to pay Plaintiff at the overtime wage rate for all hours worked over forty (40) hours in a work week, failing to provide Plaintiff with a wage notice pursuant to §195(1) of the NYLL, and failing to provide Plaintiff with accurate wage statements pursuant to §195(3). On April 28, 2022, the parties engaged in a pre-settlement conference with Your Honor, wherein the parties were presented with a Mediator's Proposal. Following the conference Plaintiff and Defendant both accepted the Mediator's Proposal and believe it represents a bona fide arms-length settlement and now request the Court's approval of the same.

## CLAIMS AND DEFENSES

Plaintiff, Richard Abreu, was employed by the Defendants as a superintendent at Defendants' buildings since 2015. Plaintiff ceased working for Defendants in November 2021 after he was terminated. Plaintiff filed a complaint, alleging that Defendants failed to pay him in accordance with the FLSA, 29 U.S.C. §§ 201 *et seq.* and the NYLL. Plaintiff also sought statutory damages based on Defendants' alleged failure to provide certain wage notices and earning statements that are required under the portion of the NYLL referred to as the Wage Theft Prevention Act. On December 28, 2021, Plaintiff filed an Amended Complaint alleging a claim of retaliation under the FLSA and NYLL.

## DEFENDANTS' RESPONSE

Defendants deny any and all allegations of wrongdoing. In discovery, Defendants presented evidence which supported their defenses and which contradicted Plaintiff's allegations. Further, if the case proceeded, Defendants would have rebutted Plaintiff's claims with testimony from co-workers and contemporaneously produced documents as to the number days and hours Plaintiff actually worked. Defendants maintain that their manner and method of wage payment to Plaintiff was statutorily compliant. Defendants' position is that Plaintiff was paid in accordance with the FLSA and NYLL, and that Plaintiff is not entitled to any compensation or relief whatsoever. Defendants further deny that Plaintiff was retaliated against, and maintain that Plaintiff was terminated for entirely legitimate reasons.

## SETTLEMENT AMOUNT

All claims for this matter were resolved through agreement by the Parties in the monetary amount of $45,000.00, payable by the Defendants. Plaintiff, Richard Abreu, will receive $35,000.00 and Law Offices of James F. Sullivan will receive $10,000.00 in attorneys' fees and expenses for prosecuting this matter.

From May 2015 to in or about February of 2021, Plaintiff, Richard Abreu, claimed that he worked fifty-two (52) hours per week, without being paid for all hours worked and the overtime premium for hours worked in excess of forty (40) hours in a work week. Therefore, Plaintiff, Richard Abreu's, best case award would be $43,347.15 in unpaid wages at the overtime wage rate and $43,347.15 in liquidated damages.

Thus, a total settlement of $45,000.00 which wholly compensates Plaintiff for his overtime wages owed, as alleged by the Plaintiff, is a fair and reasonable settlement resulting from an arms-length negotiation between experienced counsel. The settlement, payable as set forth in the annexed Settlement Agreements, provides the Plaintiff with an immediate recovery and does away with the uncertainty of protracted litigation. Further, settlement does away with the financial burdens of further litigation on the parties and conserves judicial resources.

Further, in exchange for the consideration as outlined above, Plaintiff agrees to vacate the apartment that he is currently residing in rent-free on Defendants' premises. In consideration of Plaintiff's vacatur, Defendants agree to release and discharge Plaintiff from any and all claims which may have been brought for Plaintiff's use and occupancy of the apartment after his termination up until the date Plaintiff vacates the premises.

## ATTORNEYS' FEES

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will receive $10,000.00 in attorney's fees, inclusive of $667.00 in expenses, for Plaintiff's claims. Pursuant to the retainer agreement, Plaintiff's counsel is to receive one third of any recovery and be reimbursed for all expenses incurred. To date, Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind and the fee has been wholly contingent upon the result achieved. Plaintiff's counsel has agreed to waive the one third recover and collect only $10,000.00 in association with this matter.

Here the attorney fee, which is less than one third of the total settlement amount, is less than commonly accepted contingency fee agreements in the Second Circuit in FLSA cases. See, *Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015); *Rangel v. Grand St. Meat & Produce Corp.,* No. 13-cv-3234 (E.D.N.Y. Sept. 19, 2013)

In this case, the attorney fee amount of $10,000.00 is less than the lodestar amount of $13,227.50. Contemporaneous time records of work performed in relation to the case are attached hereto as Exhibit "**1**".  A cross-check of contingency fees, the Courts routinely look to the lodestar method. See, *Sakiko Fujiwara v. Sushi Yasuda Ltd.,* 58 F.Supp.3d 424 (S.D.N.Y. 2014). Although the lodestar multiplier is determinative only for a common fund settlement, Courts have considered it in individual settlements, and here it is in line with settlements approved in other cases in the District.  See, *Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding fee that represented 5.23 multiplier of the lodestar calculation and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding the creating a disincentive to early settlement.") *Khait v. Whirlpool Corp.* 2010 WL 2025106, at *8 (E.D.N.Y. Jan 20, 2010) (awarding multiplier of 3.3 in wage and hour case). Here as in *Pinzon*, the parties here were able to resolve the case swiftly.  Thus, conserving judicial resources and providing the Plaintiff with a substantial and speedy result.  The Plaintiff and Plaintiff's counsel have a contingent fee agreement compensating Plaintiff's counsel one third of any settlement plus prepaid costs and expenses. Courts in this district routinely find 33 1/3% of the overall settlement, the one-third contingency fee arrangement, to be reasonable See, *Rangel.* Here, Plaintiff's counsel has agreed to forego the one-third contingency fee arrangement for a set sum of $10,000.00 in order to more fully compensate Plaintiff.

The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011).

> The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 43o n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors).

But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar size firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23-24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28-30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Here, Plaintiff's attorney seeks an hourly rate of $500.00 for James F. Sullivan, an attorney and owner of the Law Offices of James F. Sullivan, P.C. ("JFS"). James F. Sullivan is a 1996 graduate of St. John's University School of Law. Mr. Sullivan is admitted to practice in New York (1997), New Jersey (1996), United States District Court, Southern District (2008) and Eastern District (2018) of New York. James Sullivan served as a Court Attorney in the Civil Court of the City of New York, Queens County from 1997 to 2000. He then joined the in-house law firm for a major insurance company, before starting his own firm in 2002. Mr. Sullivan has tried numerous cases to verdict in jury trials in New York State Courts. Mr. Sullivan has also tried multiple bench trials and numerous arbitrations. Mr. Sullivan has a practice that is primarily focused on litigation of personal injury cases, FLSA actions, and insurance claims.

Plaintiff's attorneys also seek an hourly rate of $350.00 for Joshua Eidsvaag, an attorney with law Offices of James F. Sullivan, P.C. Joshua Eidsvaag is a 2014 graduate of New York Law School. Joshua Eidsvaag was admitted to the New York State Bar in 2015, admitted to the United States District Court, Southern District of New York and to the United States District Court, Eastern District of New York in 2019. Joshua Eidsvaag has been in private practice since being admitted to the New York State Bar. Joshua Eidsvaag's primary concentration is in litigation of personal injury, employment, insurance, and contract cases.

## THE SETTLEMENT SHOULD BE APPROVED

Court approval of an FLSA settlement is appropriate when the settlement reached as a result of contested litigation resolves bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011). "If the proposed settlement reflects a reasonable compromise over contested issues "the court should approve the settlement." *Id. (citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 135l n. 8 (11th Cir. 1982). Plaintiff's recovery – after attorney's fees – is clearly fair and reasonable. *See, e.g., Meigel v. Flowers of the World. NYC. Inc.,* No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,*

No. 11 Civ. 7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arms-length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

    Plaintiff's recollection of his hours is sufficient to prove the hours that he worked and the wages he received; however, his recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to his claimed hours.

    Given the conflicting evidence, the fact that the settlement was negotiated at arms-length with experienced counsel, the settlement amount reflects a fair recovery of unpaid wages, the speed of payment, and the resolution of other issues between the parties herein, it is respectfully requested that the Court approve the parties' settlement agreement. *See Reyes v. Altamarea Group. LLC,* 10-cv-645I (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011).

    We thank the Court for its attention to this matter.

Respectfully,

*James F. Sullivan*
James F. Sullivan, Esq.
*Attorney for Plaintiff*


*Joshua Beldner*
Joshua Beldner
Attorney for Defendants

# Exhibit "1"

# Law Offices of James F. Sullivan, P.C.

52 Duane Street, 7th Floor
New York, New York 10007
212-374-0009
(fax)212-374-9931

Richard Abreu

April 30, 2022
66-1

Matter No. 66-1
Matter 66-1
Bill No. 96

**Fees:**                                                                                          Hours

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 04/16/21 | JFS | Initial Meeting with Client | 1.00 | 500.00 |
| 05/03/21 | JFS | Draft of Summons and Complaint | 2.00 | 1,000.00 |
| 05/04/21 | JFS | Filing of Summons and Complaint | 0.25 | 125.00 |
| 05/04/21 | JFS | Service of Summons and Complaint | 0.25 | 125.00 |
| 07/01/21 | JFS | Filing of Affidavits of Service | 0.50 | 250.00 |
| 07/06/21 | JFS | Preparation of Damages Calculation | 2.00 | 1,000.00 |
| 07/12/21 | JFS | Review of Initial Conference Order | 0.25 | 125.00 |
| 08/06/21 | JFS | Review of Answer | 0.15 | 75.00 |
| 08/16/21 | JAE | Draft and Filing of Notice of Appearance | 0.50 | 175.00 |
| 08/16/21 | JAE | Review and Re-draft of Damages Calculations | 1.00 | 350.00 |
| 10/06/21 | JAE | Mediation Prep and Draft of Mediation Statement | 1.00 | 350.00 |
| 10/06/21 | JAE | Updated Damages Calculation | 0.50 | 175.00 |
| 10/06/21 | JAE | Review of Defendants Document Production and Disclosures | 1.00 | 350.00 |
| 10/08/21 | JAE | Draft of Plaintiff's Discovery Demands | 1.50 | 525.00 |
| 10/13/21 | JAE | Mediation | 2.00 | 700.00 |

Matter No. 66-1            April 30, 2022  
Matter 66-1            Page 2

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 11/17/21 | JAE | Draft of Status Letter | 0.25 | 87.50 |
| 11/17/21 | JAE | Review of Termination Letter | 0.15 | 52.50 |
| 11/18/21 | JAE | Draft of Plaintiff's Responses to Discovery Demands | 1.50 | 525.00 |
| 12/06/21 | JAE | Supplemented Initial Disclosures | 0.50 | 175.00 |
| 12/07/21 | JAE | Drafted Letter Motion for Leave to Amend | 0.50 | 175.00 |
| 12/07/21 | JAE | Drafted Status Letter | 0.25 | 87.50 |
| 12/28/21 | JAE | Draft and Filing of Amended Complaint | 1.50 | 525.00 |
| 01/06/22 | JAE | Review of Defendants Amended Discovery Demands | 0.50 | 175.00 |
| 01/12/22 | JAE | Review of Documents | 1.00 | 350.00 |
| 01/12/22 | JAE | Draft of Plaintiff's Amended Discovery Demands | 0.75 | 262.50 |
| 01/25/22 | JAE | Draft of Plaintiff's Response to Amended Discovery Demands | 1.50 | 525.00 |
| 02/03/22 | JAE | Deposition of Plaintiff | 4.00 | 1,400.00 |
| 02/16/22 | JAE | Deposition of Plaintiff | 3.00 | 1,050.00 |
| 02/17/22 | JAE | Review of Defendants Responses to Amended Discovery Demands | 1.00 | 350.00 |
| 02/21/22 | JAE | Draft of Letter for Extension of Time | 0.25 | 87.50 |
| 03/09/22 | JAE | Draft, Review and Filing of Letter - Settlement Conference | 0.25 | 87.50 |
| 04/08/22 | JAE | Draft, Review and Filing of Status Letter | 0.50 | 175.00 |
| 04/28/22 | JAE | Pre-Settlement Conference | 1.00 | 350.00 |
| 04/29/22 | JAE | Draft, Review and Filing of Status Letter | 0.25 | 87.50 |

Matter No. 66-1                                                                                                        April 30, 2022
Matter 66-1                                                                                                                                Page 3

|  | Hours: | 32.55 |  |
|---|---|---|---|
|  | Total fees: |  | $12,352.50 |

---

**Billing Summary**

| | |
|---|---|
| Previous balance | $0.00 |
| Payments & adjustments | 0.00 |
| Current fees & expenses | 12,352.50 |
| **Total now due** | **$12,352.50** |