UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
RICHARD ABREU,                                         :
                                                       :
                    Plaintiff,                         :        21-CV-5347 (OTW)
                                                       :
               -against-                               :        **OPINION & ORDER**
                                                       :
STAFF YMY INC., et al.,                                :
                                                       :
                    Defendants.                        :
                                                       :
                                                       :
--------------------------------------------------------x

**ONA T. WANG**, United States Magistrate Judge:

Plaintiff Richard Abreu brought this action against Staff YMY Inc., Grand Concourse

Estates LLC, 2406 Realty LLC, Simcha Applegrad, and Milton R. Reisman, (collectively

"Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor

Law ("NYLL"). Plaintiff alleged failure to pay minimum wage and overtime wages, and failure to

provide accurate wage statements (ECF 58 at 1). Plaintiff and Defendants reached a settlement

and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport*

*Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction

to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 53). For the reasons below, the

Court **APPROVES** the settlement agreement as fair and reasonable under *Cheeks*.

I.      **Background**[1]

Plaintiff states that he was employed by Defendants as a building superintendent in

Defendants' buildings since 2015. (ECF 1 at 5, ¶ 25). Plaintiff alleges that while employed by

---

[1] The following facts are as alleged in Plaintiff's complaint (ECF 1) and as in the parties' *Cheeks* approval letter (ECF 58).

Defendants, he regularly worked over forty hours per week, and Defendants knowingly and

willfully did not pay minimum wage or hours worked in excess of forty hours per work week.

(*Id.* at 7). Defendants also failed to provide accurate wage statements and underreported the

number of hours Plaintiff worked to avoid paying minimum wage and overtime premium. (*Id.*).

Plaintiff ceased working for Defendants in November 2021, after he was terminated. (ECF 58 at

1). Plaintiff subsequently filed a complaint in June 2021, alleging violations under the FLSA and

the NYLL, as well as common law breach of contract and account stated. (ECF 1 at 8-14). On

December 28, 2021, Plaintiff filed an Amended Complaint alleging retaliation under the FLSA

and NYLL. (*See* ECF 37). On April 28, 2022, the parties engaged in a pre-settlement conference

and later accepted a Mediator's Proposal, which both parties believe represents a bona fide

arms-length settlement. (ECF 58 at 1).

## II.    Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal

court, but subjects that grant of permission to the limitations imposed by "any applicable

federal statute." The Second Circuit has held that "in light of the unique policy considerations

underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals

settling FLSA claims with prejudice require the approval of the district court or the [Department

of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it

finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in

*Wolinsky v. Scholastic Inc*.:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement
> will enable the parties to avoid anticipated burdens and expenses in establishing
> their respective claims and defenses; (3) the seriousness of the litigation risks faced
> by the parties; (4) whether the settlement agreement is the product of arm's-length

2

bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery

Plaintiff alleged a maximum recovery amount, excluding attorneys' fees and costs, of $86,694.30.[2] (ECF 58 at 2). The proposed settlement amount is $45,000.00. (*Id.*). Of the total settlement, Plaintiff will recover $35,000.00, approximately 81% of his best-case, owed back wages, not including any liquidated damages or penalties.[3] Plaintiff's counsel would receive $10,000.00 in fees and costs. (*Id.*). Given that the settlement figure represents a substantial portion of Plaintiff's best-case damages, and considering the risks of litigation as noted below, the Court finds this amount reasonable.

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (*Id.* at 5). Defendants maintain that they were statutorily compliant in their manner and method of wage payment, and that they would have sought to rebut Plaintiff's claims if the case proceeded further. (*Id.* at 2). Plaintiff acknowledges that there is conflicting evidence in the case. (*Id.* at 5).

### c. Arm's Length Negotiation

The parties represent that the settlement was the product of an arms-length

---

[2] $43,347.15 (unpaid wages at the overtime wage rate) + $43,347.15 (liquidated damages) = $86,694.30.

[3] (35,000.00 / 43,347.15 = .807)

negotiation with experienced counsel, and there is no evidence to the contrary. (*Id*.).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e. Additional Factors

The release here is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees award of $9,333.00 is reasonable, and represents approximately 21% of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to one third or less of the settlement award. *See Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-

third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). Here, Plaintiff's attorneys seek an award of fees that is considerably less than one-third of the settlement amount, and the amount they seek is therefore reasonable and appropriate. *Nash v. Countywide Carting, LTD*, No. 19-CV-9138 (AEK), 2022 WL 602998, at *5 (S.D.N.Y. Mar. 1, 2022) (approving contingency fee of approximately 25.3% of the total settlement award because it was under the one-third percentage regularly awarded in the district).

III.    **Conclusion**

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable. Plaintiff will receive **$35,000.00**. Plaintiff's counsel will be awarded **$10,000.00** of the settlement amount, with **$9,333.00** allocated to attorneys' fees and **$667.00** to costs.

**SO ORDERED.**


_   s/ Ona T. Wang_

Dated: November 7, 2022                          **Ona T. Wang**
      New York, New York                 United States Magistrate Judge